# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| GLORIA TERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-21-509-SM |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| ACTING COMMISSIONER | ) | |
| OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Gloria Terry brings this action for judicial review of the Commissioner of Social Security's final decision that she was not "disabled" under the Social Security Act. *See* 42 U.S.C. §§ 405(g), 423(d)(1)(A). The parties have consented to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(c). Docs. 15, 17.

Plaintiff asks this Court to reverse the Commissioner's decision and remand the case for further proceedings, arguing the Administrative Law Judge (ALJ) erred by neglecting to consider Dr. Shane Hume's 2012 restrictions, by failing to examine the persuasiveness of the non-examining physicians' opinions, and by engaging in impermissible picking and choosing of the evidence. Doc. 24, at 9-24. After careful review of the record, the parties'

briefs, and the relevant authority, the Court agrees the ALJ erred and reverses the Commissioner's decision. *See* 42 U.S.C. § 405(g).[1]

## I. Administrative determination.

### A. Disability standard.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just [the claimant's] underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

### B. Burden of proof.

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that [s]he can no longer engage in h[er] prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff

---

[1]     Citations to the parties' pleadings and attached exhibits will refer to this Court's CM/ECF pagination. Citations to the Administrative Record (AR) will refer to its original pagination.

makes that prima facie showing, the burden of proof then shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *Id.*

### C.    Relevant findings.

#### 1.    Administrative Law Judge's findings.

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis to decide whether Plaintiff was disabled during the relevant timeframe. AR 22; *see* 20 C.F.R. § 404.1520(a)(4); *see Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step process). The ALJ found that Plaintiff:

(1)    had not engaged in substantial gainful activity since October 11, 2018, the alleged onset date;

(2)    has the following severe impairments: spine disorders, chronic obstructive pulmonary disease, and tobacco abuse;

(3)    has no impairment or combination of impairments that meet or medically equal the severity of a listed impairment;

(4)    had the residual functional capacity[2] (RFC) to perform light work, with the following limitations: she can frequently stoop and climb ladders, ropes, or scaffolds; can occasionally crawl; and must avoid even moderate exposure to fumes, odors, dusts, gases, and poor ventilation;

---

[2]    Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 404.1545(a)(1).

> (5)     can perform her past relevant work as that work is generally
>         performed in the national economy, including the jobs of
>         cashier/checker, cashier supervisor, and customer service
>         representative; and so,
>
> (6)     was not under a disability from October 11, 2018, through
>         January 19, 2021.

*See* AR 12-22.

### 2.     Appeals Council's findings.

The Social Security Administration's Appeals Council denied Plaintiff's request for review, *id.* at 1-3, making the ALJ's decision "the Commissioner's final decision for [judicial] review." *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

## II.     Judicial review of the Commissioner's decision.

### A.     Review standard.

The Court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084; *see Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.")

(internal quotation marks and citation omitted). A decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (citation omitted). The Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (quoting *Branum v. Barnhart,* 385 F.3d 1268, 1270 (10th Cir. 2004)).

      **B.    Issues for judicial review.**

Plaintiff claims the ALJ (1) disregarded Dr. Hume's restrictions; (2) failed to "sufficiently articulat[e] the persuasive value [he] assigned to the non-examining physicians' opinions"; and (3) impermissibly picked and chose evidence when evaluating Plaintiff's subjective symptoms. Doc. 24, at 9-24. She therefore claims the ALJ's RFC assessment is unsupported by substantial evidence. *Id.* The Court concludes the ALJ's failure to consider Dr. Hume's opinion requires remand.

**III.  Analysis.**

      **A.    The ALJ did not consider Dr. Hume's imposition of restrictions following Plaintiff's 2012 surgery.**

Dr. Hume, an orthopedic surgeon, saw Plaintiff regularly after her corpectomy with fusion procedure. AR 319-33. In July 2012, Dr. Hume stated he would allow her to return to light duty work and to increase her exercises.

*Id.* at 325. On October 9, 2012, Dr. Hume imposed restrictions upon her five months after her surgery. *Id.* at 329. Dr. Hume stated:

> I am going to limit her to no lifting greater than 15 pounds. No pushing or pulling greater than 15 pounds and no repetitive bending, stooping, or crawling. We are going to see her back in 6 weeks and see if limiting some of her more strenuous activities has decreased her pain.

*Id.* In imposing those restrictions, Dr. Hume noted Plaintiff was working at the time and that "increased activities" worsened her pain. *Id.* at 328-29. He would see her back in six weeks to see if the limitation had decreased her pain. *Id.* at 329. He explained, "If she does not show signs of improvement . . . then I would recommend a myelogram CAT scan . . . . If we find nothing overly treatable there, then she would possibly be a candidate for a pain management referral." *Id.*

During her return visit in December 2012, her back pain had reduced from 10/10 to 7/10, *id.* at 328 (pain at 10/10 in October 2012), 330 (pain at 7/10 in December 2012), and Dr. Hume's treatment notes indicate he had referred Plaintiff for pain management, *id.* at 330. At her last visit with Dr. Hume in May 2013, he noted Plaintiff was "still working full duty full time at Walgreen's." *Id.* at 331. He diagnosed Plaintiff with status post L5 corpectomy

and L-4 and L-5 S1 fusion, chronic back pain, and status post burst fracture with retropulsion. *Id.*

The Commissioner claims the ALJ need not "consider submissions that [are ir]relevant to Plaintiff's case." Doc. 26, at 14. She points out that Dr. Hume knew Plaintiff was working full time at a job that entailed activities consistent with medium-exertion work, and he assigned only temporary limitations. *Id.* at 14-15. So the Commissioner infers Dr. Hume "approved of the notion" that Plaintiff could perform medium-exertion work. *Id.*[3]

Should the Court find Dr. Hume's imposition of physical restrictions relevant, the Commissioner argues any error the ALJ committed in failing to consider them was harmless. *Id.*

## B.     The ALJ erred by ignoring Dr. Hume's opinion.

The ALJ found Plaintiff suffered from the severe impairment of "spine disorders," among others. AR at 12. He acknowledged Plaintiff's allegation that a back injury was among the conditions limiting her ability to work. *Id.* at 17. The ALJ began his analysis of the medical evidence by considering Plaintiff's

---

[3]        The Commissioner suggests Dr. Hume's imposition of restrictions did not constitute an opinion, calling it a "statement," Doc. 26, at 14-15; *but see id.* at 14 (using the term "opinion"). Dr. Hume's restrictions constitute an opinion. *See* 20 C.F.R. § 404.1527(a)(1).

2012 CT scan and her March 2014 MRI, each of her lumbar spine. He made no mention of Plaintiff's treatment or assessment by Dr. Hume.

"[E]ven if a doctor's medical observations regarding a claimant's allegations of disability date from earlier, previously adjudicated periods, the doctor's observations are nevertheless relevant to the claimant's medical history and should be considered by the ALJ." *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004); *see also Farrell v. Colvin*, 2016 WL 4128452, at *5 (D. Kan. Aug. 3, 2016) (records from before amended onset date "are nonetheless part of Plaintiff's case record and should be considered"). This language has prompted reversal where an ALJ wholly ignored or refused to consider prior medical opinions about an ongoing condition alleged to be disabling in the plaintiff's pending disability proceeding. *See, e.g.*, *Schoonmaker v. Berryhill*, No. CIV-16-1145-R, 2017 WL 4422597, at *3 (W.D. Okla. Oct. 5, 2017) (citing *Hamlin* and finding reversible legal error where ALJ ignored mental health opinion pre-dating alleged onset date, and where ignored medical opinion did not involve "some discrete easy-cure event that the ALJ would have necessarily discounted in her later disability determination"); *Austin v. Colvin*, 2015 WL 1209384, at *4 (E.D. Okla. Mar. 17, 2015) (also citing

8

*Hamlin* and finding reversible legal error where ALJ ignored medical opinion issued during period before the plaintiff's alleged onset date).

The Court finds that Dr. Hume's 2012-13 treatment of Plaintiff was relevant, and the ALJ erred in failing to consider his observations and imposition of limitations.

### C.    The ALJ's error was not harmless.

"It is the ALJ's duty to give consideration to all the medical opinions in the record." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012). The ALJ must articulate "how persuasive [he] find[s] all of the medical opinions . . . in [the] case record" using the factors set out in the regulations. 20 C.F.R. § 404.1520c(b). "If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). "The RFC assessment must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence." *Id.*

Although the Commissioner cites the proper legal standard for harmless error, she cites no case law where the failure to consider relevant medical observations amounted to harmless error. *See* Doc. 26, at 15-16. She argues

that no ALJ would have found Dr. Hume's opinion persuasive because Plaintiff "was able to actually perform work . . ., some of which required greater exertion than allowed by" Dr. Hume's opinion, for several years before applying for disability. *Id.* at 16. But as Plaintiff points out, Dr. Hume anticipated Plaintiff would work and imposed restrictions (greater than those the ALJ imposed) upon her doing so. Doc. 27, at 3-4.

Plaintiff's severe spine impairment and resulting pain were relevant considerations for the ALJ. Plaintiff's treatment notes showed limited range of motion and tenderness in her lumbar spine or lower back. AR 586, 588 (Sept. 23, 2020), 627 (Feb. 13, 2020), 522 (Jan. 16, 2020), 385 (Dec. 26, 2018), 389 (Nov. 28, 2018), 397 (Sept. 6, 2018), 401 (July 12, 2018), 404 (April 23, 2018), 408 (Feb. 26, 2018), 412 (Jan. 2, 2018). Other treatment notes showed a normal range of motion at times, and some reports of no back pain. *Id.* at 435 (normal range of motion on Jan. 7, 2019), 478 (normal range of motion on May 24, 2018), 489 (no back pain on Jan. 5, 2019), 512 (no back pain on Oct. 18, 2019). And Plaintiff's August 23, 2019 functional assessment showed weak heel-toe walking, paraspinal or spinal tenderness at T12-L5, and pain in the range of motion in her cervical spine. *Id.* at 469.

"[A]n ALJ's failure to [discuss] a medical opinion involves harmless error if there is no inconsistency between the opinion and the ALJ's assessment of residual functional capacity." *Mays v. Colvin*, 739 F.3d 569, 578-79 (10th Cir. 2014). If the ALJ's RFC is "generally consistent" with the findings in a medical opinion, or if the RFC is "more favorable" to the claimant than the opinion's findings, then "[t]here is no reason to believe that a further analysis or weighing of [the] opinion could advance [the claimant's] claim of disability." *Keyes-Zachary*, 695 F.3d at 1163.

Here, the ALJ's RFC is not generally consistent with or more favorable than Dr. Hume's opinion. So the ALJ's failure to consider this opinion cannot be considered harmless. While there may be legitimate reasons for the ALJ to find Dr. Hume's opinion unpersuasive, the ALJ must make this assessment in the first instance to allow for review. *Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003) (explaining that "we cannot meaningfully review the ALJ's determination absent findings explaining the weight assigned to the treating physician's opinion"). In short, the ALJ erred in failing to discuss Dr. Hume's opinion—which may have led to a more restrictive RFC assessment—requiring remand. Because this case must be remanded, the Court need not discuss Plaintiff's remaining arguments. *Id.* at 1299 (stating that the court "will not

reach the remaining issues raised by [Plaintiff] because they may be affected by the ALJ's treatment of this case on remand").

## IV.   Conclusion.

Based on the above, the Court reverses the Commissioner's decision and remands for further proceedings.

**ENTERED** this 1st day of July, 2022.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

12